D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FITZROY MCNEILL,

                             Plaintiff,                                  **MEMORANDUM & ORDER**

                            -against-                                       **14-CV-2872 (NGG)**

DETECTIVE JONATHAN JORDAN, Shield No.
2824, DETECTIVE WILLIAM J. SOMMER,
Shield No. 2586, and ANTHONY GOMEZ,

                             Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On May 5, 2014, pro se Plaintiff Fitzroy McNeill initiated the instant action, which asserts claims against Defendants under 28 U.S.C. § 1983, N.Y. Public Health Law § 2803, and N.Y. Comp. Codes R. & Regs. Tit. 10, § 405.8. (Compl. (Dkt. 1).) On the same day, Plaintiff also filed an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (Mot. to Proceed IFP (Dkt. 2).) For the reasons stated below, Plaintiff's IFP application is DENIED and he is DIRECTED to pay the filing fee of $400 within fourteen (14) days of the date of this Order in order to proceed with this action.

I.      **DISCUSSION**

"The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." Glass v. Comm'r of Soc. Sec., No. 13-CV-4026 (ENV), 2013 WL 3938740, at *1 (E.D.N.Y. July 30, 2013). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Determination of whether a plaintiff qualifies for IFP status is within the discretion of the district court. See

1

Pinede v. N.Y.C. Dep't of Env't Prot., No. 12-CV-6344 (CBA), 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013); DiGianni v. Pearson Educ., No. 10-CV-0206 (RJD), 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).

Having reviewed the financial disclosures made by Plaintiff on his application, the court finds that Plaintiff has failed to establish that he is unable to pay the court's filing fee. Plaintiff is employed by Heads Up Fire Sprinkler Services, Inc. and earns $800 per week, with take home wages of $569.59 per week. (Mot. ¶ 2.) Plaintiff additionally represents that he has $300 in a checking account. (Id.) Plaintiff's expenses total $1,933 per month, and he lists approximately $16,850.52 in additional debts. (Id.) In the court's view, therefore, Plaintiff's application establishes that he has sufficient resources to pay the $400 filing fee to commence this action.

## II. CONCLUSION

Accordingly, Plaintiff's application to proceed IFP is DENIED. Plaintiff is DIRECTED to pay the $400 filing fee within fourteen (14) days of entry of this Order, should he wish to proceed with his suit. No summons shall issue at this time and all further proceedings shall be stayed for fourteen (14) days or until Plaintiff has complied with this Order. If Plaintiff fails to pay the filing fee within the time allowed, the instant Complaint shall be dismissed without prejudice.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
May 15, 2014

NICHOLAS G. GARAUFIS
United States District Judge