

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In the Matter of the claim of
FITZROY MCNEILL,
                 Plaintiff

   -against-

DETECTIVES JONATHAN JORDAN, SHEILD NO. 2824,
DETECTIVE, JOHN J. EDGAR, SHEILD NO. 7149, DT3 ANTHONY
CHOW, OFFICER AND WILLIAM J. SOMMER, SHEILD NO. 2586 OF
THE BROOKLYN NORTH NARCOTICS COMMAND AND; WOODHULL
MEDICAL AND MENTAL HEALTH CENTER STAFF ANTHONY
GOMEZ, PHYSICIAN, AND MOLLY MITCHELL, RN

                 Defendants
-----------------------------------------------------------------

# AMENDED COMPLAINT

1:14-CV-02872-NGG-SMG
JURY TRIAL DEMANDED

To: United States District Court
    Eastern District of New York

PLEASE TAKE NOTICE that pursuant to 42 U.S.C. section 1983 the undersigned claimant, Fitzroy McNeill, hereby makes claims and demands against the above named and captioned defendants.

1. The name and address of the plaintiff is Fitzroy McNeill, 2114 Albemarle Road, Apt. C1, Brooklyn, N.Y. 11226. Plaintiff is pro-se.
2. The name and addresses of the defendants are as follows: Detectives Jonathan Jordan, shield no. 2824, John J. Edgar, shield no. 7149, Anthony Chow, officer and William J. Sommer, shield no. 2586, all of who's address is The Brooklyn North Narcotics Command, 83rd Precinct, located at 480 Knickerbocker Ave, Brooklyn N.Y. 11237 and; Anthony Gomez, physician, and Molly Mitchell, Rn who's address is Woodhull Medical and Mental Health Center, 760 Broadway, Brooklyn, N.Y. 11206.
3. The jurisdiction of the Court is invoked pursuant to 42 U.S.C.A. Section 1983.

## CAUSES OF ACTION

4. The causes of action are as follows:

5. The plaintiff is suing Jonathan Jordan, John J. Edgar and William J. Sommer, each in their official capacities, because these officers, on May 17, 2011, at 1228 Halsey Street, Apt 2, Brooklyn, NY 11208, conspiring with each other to engage in a malicious prosecution and with deliberate indifference, intentionally violated plaintiffs U.S. Constitutional rights (Amendments IV prohibiting unreasonable search and seizure, without a search warrant and having no probable cause; XIV right to life, liberty and property and VIII right forbidding cruel and unusual punishment) when these officers unlawfully entered into plaintiffs home, Sommers unlawfully searched plaintiff, Jordan unlawfully arrested and assaulted plaintiff and processed plaintiff under an aka "John McNeil" and also forced plaintiff to walk throughout the more then day long ordeal without any shoes all resulting in serious injuries. Jordan also violated plaintiff's rights under Public Health Law (PHI) 2803 (1) (g), Patient Rights, 10 NYCRR, 405.7, 405.7 (a) (1), 405.7 (c) when, conspiring with Anthony Gomez, Anthony Chow and Molly Mitchell, he denied plaintiff's patient rights to privacy and to receive medical and mental health treatment as defined and required under the Public Health Law (See attached affidavit in support of 42 U.S.C. Section 1983, dated May 05, 2014).

6. The plaintiff is suing Woodhull Medical and Mental Health Center staff Anthony Gomez and Molly Mitchell in their official capacities, because these defendants, on May 17, 2011 at Woodhull Medical and Mental Health Center, with deliberate indifference and in conspiracy with the other defendants Jordan and Chow, neglected to treat plaintiff after being informed by plaintiff of the torture inflicted on plaintiff and his pain and suffering, after they observed for hours that plaintiff was forced to lay on the corridor gurney with his hands cuffed behind his back and that plaintiff informed Gomez that he wanted to see a mental health doctor. The defendants, with deliberate indifference and neglect, failed to inform the plaintiff of his hospital rights and refused to treat the plaintiff causing plaintiff to suffer serious mental and physical pain in violation of Public Health Law (PHL) 2803 (1) (g) Patient Rights, 10 NYCRR, 405.7, 405.7 (a) (1), 405, 7 (c). (See attached affidavit in support of 42 U.S.C. Section 1983, dated May 05, 2014). Chow violated plaintiff's rights because he, with malicious intent and deliberate indifference, in conspiracy with Jordan, inflicted cruel and unusual punishment upon plaintiff by keeping plaintiff's hands cuffed behind his back for the duration of the hospital visit (the handcuffs were only removed for a few minutes in order for plaintiff to receive an x-ray) and, with Jordan, Mitchell and Gomez, neglected to inform plaintiff of his right to privacy and medical and mental health treatment at the hospital.

7. WHEREFORE the plaintiff prays for an order pursuant to 42 U.S.C.A. Section 1983. Accordingly, plaintiff demands justice and seeks punitive damages in the amount of $150,000.00, each, from Jordan and $150,000 from Sommers, $150,000 from Edgar, $100,000 from Chow, $100,000 from Mitchell and $140,000 from Gomez. Plaintiff demands restitution of any legal fees incurred by him or others as a result of the injustice cast upon plaintiff. Also, plaintiff requests that all references to the aka "John McNeil" be expunged from any and all records effected and for any further relief the Court deems just and necessary.

Respectfully Submitted,

Fitzroy McNeil

Date: July 30, 2014

## AFFIDAVIT IN SUPPORT OF 42 U.S.C. SECTION 1983

I, FITZROY MCNEILL, hereby affirm the following statements to be true under penalties of perjury, except as to those made on information and belief, which I believe to be true:

On May 17, 2011, while sitting in my room at 1228 Halsey Street, Apt 2, Brooklyn, NY 11208, I heard two very loud bangs outside the apartment. When I opened the apartment door, I observed detectives Jonathan Jordan, shield no. 2824 and Sergeant William J. Sommer, shield no. 2586 coming up the stairs from the buildings front entrance. I stood in my apartment and realized they were cops. Both officers begin to attempt to open the other hallway doors. I closed my apartment's door. Sommer then kicked the door in towards me with his gun drawn. He pointed his gun at me, then pushed me against the wall and began frisking me. I said, "You are violating my rights." Sommer then put his hands in my pockets and I was placed under arrest.

Jordan escorted me out of the apartment. As we got to the top of the stairs I stopped and asked Jordan could he get my shoes because I only had on socks. He said "no", then pushed me, with both hands, down the steps causing me to suffer injuries and pain to my back, neck, arms, and legs.

While at the hospital for approximately five hours I was forced by detective Jordan to lay on a gurney with my hands cuffed behind my back which caused me excruciating pain and discomfort. I complained to the hospital physician Anthony Gomez that I was currently suffering from depression and taking psyche medications and that Jordan was torturing me and that I was in pain. Jordan was standing over me listening to what was said. I told Gomez I wanted to see a mental health doctor. Jordan and Gomez left. I was never treated by a mental health provider or given any medication to alleviate my pain. I feel that the hospital denied me adequate medical and mental health treatment.

Jordan never asked my name and deliberately wrote aka "John McNeil" in police reports, which caused more aggravation throughout the penal system. I never told them that was my name. It was very difficult to ascertain when I was being called throughout the legal process.

Respectfully Submitted,

*Fitzroy McNeill*

Date: July 30, 2014