UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
    FITZROY MCNEILL,

                    Plaintiff,

        -against-

    DETECTIVE JONATHAN JORDAN et al.,

                    Defendants.
-----------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-2872 (NGG) (ST)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Fitzroy McNeill, proceeding pro se, filed this action on May 5, 2014, against

New York Police Department ("NYPD") Detectives Jonathan Jordan, John Edgar, and Anthony

Chow, NYPD Sergeant William Sommer, Dr. Anthony Gomez, and Registered Nurse Molly

Mitchell. (See Compl. (Dkt. 1); Am. Compl. (Dkt. 8).) The action stems from Plaintiff's

May 2011 arrest and subsequent hospitalization at Woodhull Medical and Mental Health Center

("Woodhull"). Plaintiff brings claims under 42 U.S.C. § 1983 and state law.

Defendants filed a fully briefed motion for summary judgment (the "Motion") on

May 23, 2016. (Mot. for Summ. J. (Dkt. 93).) On November 15, 2016, the court referred the

Motion to Magistrate Judge Steven L. Tiscione for a report and recommendation ("R&R")

pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Order

Referring Mot. (Dkt. 101).) On February 17, 2017, Judge Tiscione issued an R&R

recommending that the Motion be granted in part and denied in part. (R&R (Dkt. 102).) By

letter dated April 4, 2017,[1] Plaintiff objected to certain of Judge Tiscione's recommendations,

and Defendants filed a memorandum in support of the R&R shortly thereafter. (See Pl. Obj. to

---

[1] On March 29, 2017, the Court extended Plaintiff's time to object to the R&R. (Mar. 29, 2017, Order (Dkt. 104).)

R&R ("Obj.") (Dkt. 106); Defs. Resp. to Obj. ("R&R Resp.") (Dkt. 107).) For the reasons stated

below, the court ADOPTS IN PART the R&R. Accordingly, Defendant's Motion is GRANTED

IN PART AND DENIED IN PART.

## I.     BACKGROUND AND THE REPORT AND RECOMMENDATION

The court assumes familiarity with the facts of the case, and adopts the summary of the

relevant factual allegations and record evidence included in the R&R. (See R&R at 2-8.) Stated

briefly, several of the defendant police officers arrested Plaintiff in his apartment building for

marijuana possession and, after he was injured during his arrest, transported Plaintiff to

Woodhull for treatment. Plaintiff and Defendants dispute all but the most basic facts at issue of

this encounter, including but not limited to: (1) whether Plaintiff had marijuana in his possession

at the time of his arrest; (2) whether Plaintiff was in his apartment or a common area of the

apartment building when he was arrested; (3) the specifics of Plaintiff's medical care while at the

hospital and thereafter; and (4) which Defendants were involved in Plaintiff's arrest and

transport to the hospital. (Compare Defs. Mem. in Supp. of Summ. J. (Dkt. 97) with Pl. Opp'n to

Summ. J. (Dkt. 98).)

Judge Tiscione recommended that the court grant summary judgment on the following

claims:

- The unlawful entry, unlawful search and seizure, false arrest, excessive force, and deliberate indifference to medical needs claims against Jordan, on the basis that Plaintiff failed to show that Jordan was personally involved with the events at Plaintiff's residence or Woodhull (R&R at 13-14);

- The use of excessive force claims against Sommer and Edgar, based on Plaintiff's failure to allege any intentional action by those defendants (id. at 27-29);

- The malicious prosecution claims against Jordan and Edgar, on the basis that they did not "initiate" Plaintiff's prosecution (id. at 32-35);

2

- The deliberate indifference to medical needs claims against Chow, Mitchell, and Gomez, based on Plaintiff's failure to allege either that he suffered an objectively serious medical condition or that any of those Defendants were aware of and disregarded that condition (id. at 37-41);

- The conspiracy claim against all Defendants, based on Plaintiff's failure to allege an agreement between any of the Defendants (id. at 41-42); and

- The state-law claims against Jordan, Chow, Gomez, and Mitchell, based on Plaintiff's failure to file his claims within the mandatory commencement period of 1 year and 90 days applicable to New York City employees (id. at 44).

Judge Tiscione further recommended that the court deny summary judgment on the following claims:

- The unlawful entry claims against Sommer and Edgar, based on Plaintiff's testimony that those officers entered his apartment and the absence of record evidence demonstrating "exigent circumstances" justifying their entry (id. at 17-22);

- The claims of unlawful search and seizure against Sommer and of false arrest against both Sommer and Edgar, based on Plaintiff's deposition testimony that he did not possess or state that he possessed marijuana (id. at 22-26);

- The excessive force claim against Chow, based on Plaintiff's testimony that he was left in handcuffs for five hours, resulting in bruising and swelling that lasted several days (id. at 30-32); and

- Deny summary judgment on the malicious prosecution claim against Sommer on the basis of Plaintiff's testimony regarding the circumstances of his search and arrest and Sommer's role in initiating Plaintiff's prosecution (id. at 32-37).

## II.    DISCUSSION

### A.    Standard of Review

A district court reviewing an R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. To obtain de novo review, a party "must point out the specific portions of the report and recommendation to which [that

3

party] object[s]." Forsythe v. U.S. Nat'l Labor Relations Bd., No. 14-CV-3127 (NGG) (LB), 2016 WL 1215319, at *1 (E.D.N.Y. Mar. 23, 2016) (quoting U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also, e.g., Petrovic v. Comm'r of Soc. Sec., No. 15-CV-2194 (KMK) (PED), 2016 WL 6082038, at *1 (S.D.N.Y. Oct. 14, 2016). Portions of an R&R to which a party makes no objection are also reviewed for clear error. See U.S. Flour, 2012 WL 728227, at *2.

Where a pro se party objects to an R&R, "the court reads his objections 'liberally and will interpret them to raise the strongest arguments that they suggest.'" Velasquez v. Metro Fuel Oil Corp., 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, a court "need not argue a pro se litigant's case nor create a case for the pro se [litigant] which does not exist." Molina v. State of N.Y., 956 F. Supp. 257, 259 (E.D.N.Y. 1995).

**B.     Plaintiff's Objections**

The court finds that Plaintiff has put forward objections to several of the R&R's specific recommendations and therefore performs a de novo review of these sections.[2] Applying de novo review, the court adopts in full each of the objected-to portions of the R&R.

---

[2] In addition to his objections, Plaintiff raises the new claim that he "should be allowed to sue . . . Sommer and Jordan for giving plaintiff the name John McNeil without due process of law." (Obj. at 2.) While Plaintiff's previous filings mentioned the incorrect entry of his name, this is the first indication that he intends to claim that misnaming as a basis for recovery. "New arguments and factual assertions cannot properly be raised for the first time in objections to the R&R, and indeed may not be deemed objections at all." Smith v. Hulihan, No. 11-CV-2948 (HB), 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012); see also Chalasani v. Daines, No. 10-CV-1978, 2011 WL 4465408, at *1 n.3 (E.D.N.Y. Sept. 28, 2011) ("Plaintiff also makes new claims and

1.  Deliberate Indifference to Medical Needs Claims against Mitchell and Gomez

Plaintiff argues that Mitchell and Gomez[3]—two of the medical professionals who treated Plaintiff at Woodhull—"deliberately disregarded the substantial risk to plaintiff's mental and physical health [by] den[ying] plaintiff mental health treatment." (Obj. at 2.) Plaintiff's claim is based on his contention that, when he arrived at Woodhull, he sought and was denied psychiatric care. (Am. Compl. at 2.) The court concludes that Plaintiff fails to demonstrate a deprivation of care that would support a constitutional claim and adopts the R&R's conclusion on that point.

"In order to establish a[] . . . claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks, citations, and alterations omitted). Deliberate indifference claims require plaintiffs to satisfy both objective and subjective elements, showing (1) that "the alleged deprivation [was], in objective terms, sufficiently serious"; and (2) "the defendant [acted] with a sufficiently culpable state of mind." Id. (internal citations and quotation marks omitted).

The "objective seriousness" requirement is met where "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Id. (internal quotation marks and citation omitted). Indicia of objective seriousness include: "(1) whether a reasonable doctor or patient would perceive the medical need in question

---

offers new facts for the first time in his objection. Generally courts do not consider such new arguments or new evidence raised in objections to a magistrate judge's report and recommendations that could have been raised before the magistrate but were not, and the Court declines to do so." (internal quotation marks and citations omitted)). Plaintiff provides no reason that he could not have raised this claim earlier, and the court declines to address the merits of this argument here.

[3] Plaintiff's Complaint also asserts a deliberate indifference to medical needs claim against Jordan and Chow (Am. Compl. at 2), and Judge Tiscione recommended dismissing that claim as well (R&R at 37-41). Plaintiff does not object to the R&R's objection with respect to Jordan or Chow. (Obj. at 1-2.)

as important and worthy of comment or treatment, (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." Rodriguez v. Manenti, 606 F. App'x 25, 26 (2d Cir. 2015) (summary order) (quoting Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)). "[I]n most cases, the actual medical consequences that flow from the alleged denial will be highly relevant to the question of whether the denial of treatment subjected the [Plaintiff] to a significant risk of harm." Smith v. Carpenter, 316 F.3d 178, 187 (2d Cir. 2003).

The court concludes that Plaintiff fails to meet the objective prong of his deliberate indifference claims against Gomez and Mitchell. Plaintiff's claims against those Defendants are based entirely on their failure to provide him with psychiatric treatment or medication on the date of his arrest. (Obj. at 1-2). However, medical records from that date contain no indication that Plaintiff sought mental health treatment or that attending medical professionals believed that his mental health state was "worthy of comment or treatment." Rodriguez, 606 F. App'x at 26. (Ex. M to Decl. (Dkt. 94-13) at ECF pp.2-13 (Plaintiff's medical records).) Likewise, Plaintiff does not allege that he suffered chronic or lasting effects from his lack of treatment but only states that treatment could have provided him with relief during his hospitalization—relief which he hoped would include removal of his handcuffs (Ex. A to Decl. ("Pl. Dep. Tr.") (Dkt. 94-2) 153:4-5), obtaining medication (id. 153:15-21), and avoiding "depression and . . . not being able to rest and relax" (id. 155:9-10). In the absence of facts or testimony showing lasting medical effects or objective indicia of substantial harm, the court concludes that Plaintiff fails to demonstrate the serious degree of deprivation needed to support his claim.[4]

---

[4] Because the court concludes that Plaintiff fails to satisfy the objective prong of his deliberate indifference to medical needs claim, it is not required to evaluate the subjective requirement. See, e.g., Goris v. Breslin, 402 F. App'x 582, 584 (2d Cir. 2010) (summary order).

Accordingly, the court adopts Judge Tiscione's recommendation and grants summary judgment as to the deliberate indifference claims against Gomez and Mitchell.

2.    Unlawful Entry Claims against Jordan, Edgar, and Sommer

In relation to his claim that Defendants Jordan, Edgar, and Sommer unlawfully entered his residence in violation of his Fourth Amendment rights, Plaintiff objects to Judge Tiscione's conclusion that his apartment complex itself was not "private." (See Obj. at 2.) The court finds otherwise and adopts the R&R's conclusion on that issue.

Parties bringing Fourth Amendment-based claims for unlawful entry must show that they have a "reasonable expectation of privacy" in the area into which the defendants allegedly intruded. See, e.g., Patrizio v. Nelson, No. 14-CV-7497 (JBW) (VMS), 2016 WL 3582047, at *6 (E.D.N.Y. June 28, 2016). This expectation exists where "the place [into which defendants entered] is one that the [plaintiff] has the right to keep private and subject to his exclusive control." United States v. Holland, 755 F.2d 253, 255 (2d Cir. 1985) (emphasis added). Examining this requirement, the Second Circuit has repeatedly concluded that "common halls and lobbies of multi-tenant buildings are not within an individual tenant's zone of privacy even though they are guarded by locked doors." Id.; accord United States v. Gray, 283 F. App'x 871, 873 (2d Cir. 2008) (summary order).

Plaintiff argues that his apartment complex was not public because "the general public did not have access to the inside of" the building and the exterior door to the building was locked. (Obj. at 2.) The court is bound by precedent to disagree with Plaintiff's position: the fact that the building is not open to the general public does not mean that it was subject to his exclusive control or right to privacy, and so he cannot stake his claim on entry into the common areas of the apartment complex. Holland, 755 F.2d at 255.

Accordingly, the court adopts Judge Tiscione's finding that the common areas of the building are not covered by Plaintiff's "reasonable expectation of privacy."[5]

3.    False Arrest and Malicious Prosecution Claims against Jordan

Plaintiff argues that Jordan is not entitled to summary judgement as to either the false arrest or malicious prosecution claims. Plaintiff argues that Jordan, "like Edgar and Sommer, knew that the allegedly found marijuana was neither in a public place, nor burning." (See Obj. at 2.) The court concludes that summary judgment is appropriate as to each of these claims.

*a.    False Arrest*

"[A]n action for false arrest requires that the plaintiff show that '(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012) (quoting Broughton v. State of New York, 37 N.Y.2d 451, 456 (1975)). Moreover, as a prerequisite to all claims brought under Section 1983, the plaintiff must show that the defendant had personal involvement in the alleged constitutional deprivation. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006); Celestin v. City of N.Y., 581 F. Supp. 2d 420, 428-29 (E.D.N.Y. 2008) (applying personal involvement requirement to false arrest claim). "Personal involvement may be established by a showing of direct participation, meaning 'personal participation by one who has knowledge of the facts that rendered the conduct illegal,' or indirect participation 'such as ordering or helping others to do unlawful acts.'" Celestin, 581 F. Supp. 2d at 429 (quoting Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)).

---

[5] The unlawful entry claims as to Sommer and Edgar, however, survive summary judgment, based on Plaintiff's testimony that those officers entered his apartment, which is undisputedly covered by the Fourth Amendment. (See R&R at 18-22.)

Plaintiff fails to show that Jordan was personally involved in Plaintiff's arrest, and so the false arrest claim against him fails. While Plaintiff initially alleged that Jordan was present at his apartment and for the arrest therein (see Am. Compl. ¶ 5), he subsequently conceded that he was mistaken in that identification (Pl. Opp'n at 4 n.1). Though Plaintiff's arrest paperwork lists Jordan as the "arresting officer" (Ex. C to Decl. (Dkt. 94-3) at ECF p.2), Jordan's records from the date of the incident indicate that he was in an entirely different location[6] and participated only in post-arrest functions (see, e.g., Ex. H to Decl. (Dkt. 94-8) at ECF p.2; Ex. G to Decl. ("Jordan Dep. Tr.") (Dkt. 94-7) 11:16-12:19, 39:5-11; Ex. I to Decl. ("Jordan Decl.") (Dkt. 94-9).) Further, there is no evidence suggesting that Jordan ordered, assisted, or otherwise indirectly participated in Plaintiff's arrest. As such, even if credited, Plaintiff's present objection that Jordan "knew that the allegedly found marijuana was neither in a public place, nor burning" (Obj. at 2) could only have occurred after the arrest was completed and would not remedy Jordan's lack of personal involvement in the arrest itself.

Accordingly, the court agrees with Judge Tiscione that Jordan is entitled to summary judgment on the false arrest charge based on Plaintiff's failure to demonstrate that Jordan was personally involved in Plaintiff's arrest.

### b. Malicious Prosecution

"To prevail on a claim of malicious prosecution, four elements must be shown: (1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice, and (4) the matter terminated

---

[6] Jordan's contemporaneous notes indicate that he was present at "284 Schaffer Street" at the time of Plaintiff's arrest and separately indicate that Sommer and the "Field Team" were present at Plaintiff's apartment building. (Ex. H to Decl. (Dkt. 94-8) at ECF p.2; see also Ex. G to Decl. ("Jordan Dep. Tr.") (Dkt. 94-7) 35:14-20.)

in plaintiff's favor."[7]  Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997).  For

claims brought under Section 1983, the Plaintiff must additionally demonstrate "that there was []

a sufficient post-arraignment deprivation of liberty restraint to implicate the Plaintiff's Fourth

Amendment rights."  Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000).

The third prong of this test—requiring a showing of malice—is particularly relevant here.

In order to meet that requirement, a plaintiff must show "that the defendant [] commenced the

criminal proceeding due to a wrong or improper motive, something other than to see the ends of

justice served."  Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996).  The malice

"element is closely related to the lack of probable cause requirement . . . [and] [i]n most cases . . .

malice may be inferred from the lack of probable cause."  Llerando-Phipps v. City of N.Y., 290

F. Supp. 2d 372, 383 (S.D.N.Y. 2005).

Plaintiff has failed to provide any evidence to satisfy the malice element as to Jordan.  In

essence, Plaintiff's malicious prosecution claim against Jordan is premised on his allegations that

(1) the charges against Plaintiff were unsupported by probable cause; (2) the facts stated in the

criminal complaint that would support probable cause are false; (3) Jordan was aware of and

assisted in promulgating this deception; and (4) his reason for doing so was malicious.  Even

accepting Plaintiff's premise that the statements in the complaint are false, however, the court

finds no basis in the record to infer that Jordan was aware of this falsity or lack of probable

cause.  While Jordan admittedly swore out and signed the criminal complaint against Plaintiff, he

states that he did so only on the basis of information provided by Sommer.  (Jordan Dep. Tr. at

---

[7] These first four requirements are drawn from the New York state-law standard for malicious prosecution, which is
incorporated into Section 1983 claims.  See, e.g., Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991); see also
Garraway v. Newcomb, 154 F. App'x 258, 259 (2d Cir. 2005) (summary order) ("To succeed on a malicious
prosecution claim, a plaintiff must show that defendant's conduct was tortious under state law and that it resulted
[in] a constitutionally cognizable deprivation of liberty.").

11:11-13; 22:10-19; Jordan Decl.)[8] Plaintiff does not refute this assertion, and the court gives no

weight to his conclusory objection that Jordan "knew" the facts in the complaint were false. See

Jeffreys v. City of N.Y., 426 F.3d 549, 554 (2d Cir. 2005) (holding that parties opposing

summary judgment cannot "rely on conclusory allegations or unsubstantiated speculation"

(internal quotation marks and citations omitted)). Absent any facts suggesting that Jordan was

aware that the complaint was supported by false statements and not probable cause, the court

sees no basis to infer that Jordan drafted the complaint for a malicious purpose. Cf. Llerando-

Phipps, 390 F. Supp. 2d at 383 (noting the tie between the probable cause and malice elements).

Accordingly, the court finds Jordan is entitled to summary judgment on Plaintiff's

malicious prosecution claim based on the lack of record evidence suggesting he acted with a

malicious motive.[9]

---

[8] While the court agrees with Judge Tiscione's ultimate conclusion that the malicious prosecution claim against Jordan should be dismissed, it respectfully declines to adopt his reasoning on that point. Like this court, Judge Tiscione emphasized Jordan's lack of independent knowledge but concluded from this fact that Plaintiff failed to show Jordan "initiated" the proceeding. The "initiation" prong of a malicious prosecution requires a showing that a defendant "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." DeFilippo v. Cty. of Nassau, 583 N.Y.S.2d 283, 284 (N.Y. App. Div. 1992). "Applying these principles to claims against police officers, courts have found a triable issue of fact as to the initiation element where the defendant-officer brought formal charges and had the person arraigned, filled out complaining and corroborating affidavits, swore to and signed a felony complaint, or created false information and forwarded it to prosecutors." Espada v. Schneider, 522 F. Supp. 2d 544, 553 (S.D.N.Y. 2007); see also Llerando-Phipps v. City of N.Y., 390 F. Supp. 2d 372, 382-83 (S.D.N.Y. 2005) (collecting cases). As Judge Tiscione noted, however, this court previously questioned whether swearing out a complaint would be adequate where "Plaintiff provided no evidence that [the defendant officer] did anything other than disclose the information within his knowledge—that is, what he learned from speaking with [witnesses who had personal knowledge]—and sign the complaint." Jouthe v. City of N.Y., No. 05-CV-1374 (NGG) (VVP), 2009 WL 701110, at *12 (E.D.N.Y. Mar. 10, 2009). However, the court ultimately did not rest its decision on that point, instead concluding that the complaint was supported by probable cause and not driven by malice. Id. The court again declines to decide whether a lack of independent knowledge by the officer swearing out a complaint is sufficient to show that the officer did not "initiate" the prosecution.

[9] Plaintiff further argues that the fact that the marijuana allegedly recovered from his possession was not burning serves as a bar to prosecution for "fifth degree marijuana possession." (See Obj. at 2.) Using that fact as a basis for a malicious prosecution claim against Jordan, however, would still require a showing that Jordan was at least aware that the marijuana was not burning at the time of the arrest. As the court concludes that the record is devoid of evidence demonstrating Jordan's involvement in the arrest or knowledge of any alleged falsity in his later account, it necessarily also finds that the record fails to show involvement or knowledge sufficient determine that a specific statement (i.e. that the marijuana was burning) was false.

4.    New Claims Against Anthony Chow

Plaintiff objects to Judge Tiscione's recommendation that Plaintiff should not be allowed

to add new claims against Chow. In his opposition to the motion for summary judgment,

Plaintiff states that he mistakenly named Jordan as one of the officers who was present in his

apartment on the date of his arrest, and avers that "Chow was in fact[] the officer who escorted

me to the hospital and used excessive force against me in my home." (Opp'n at 4 n.1.) Though

he does not make a direct request, Plaintiff appears to seek leave to substitute Chow for Jordan as

to all claims that relate to the events that occurred in his apartment. (Id.)

Plaintiff's request is most appropriately addressed as a motion to amend his complaint.

Where a party seeks to amend its pleading before trial, "[t]he court should freely give leave when

justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied, however, based

on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182

(1962). Under this standard, courts generally do not allow amendments proposed in the course

of summary judgment motions. See Beckman v. U.S. Postal Serv., 79 F. Supp. 2d 394, 407-08

(S.D.N.Y. 2000) (collecting cases) ("Because a failure to assert a claim until the last minute will

inevitably prejudice the defendant, courts in this District have consistently ruled that it is

inappropriate to raise new claims for the first time in submissions in opposition to summary

judgment." (internal quotation marks and citation omitted)). However, "a district court . . . may

grant a pro se litigant leave to amend, after the close of discovery and during the pendency of a

summary judgment motion." Fidelity Info. Servs. Inc. v. Debtdomain GLMS Pte Ltd.,

No. 09-CV-7589 (LAK) (KNF), 2011 WL 3665138, at *3 (S.D.N.Y. Aug. 11, 2011) (citing

Hanlin v. Mitchelson, 794 F.2d 834, 841 (2d Cir. 1986)).

The court concludes that Plaintiff should not be allowed to substitute Chow for Jordan at

this stage of the litigation. Plaintiff had ample opportunity to correct his alleged mistake months

before submitting his opposition to the summary judgment motion. At latest, he could have

become aware of any misidentification when he deposed Jordan and Chow on consecutive days.

(See Ex. N to Decl. ("Chow Tr.") (Dkt. 94-14) 1:15; Jordan Tr. 1:13.) However, Plaintiff gave

no indication during those depositions or in the ensuing months that he was aware of any

misidentification or believed that Chow had engaged in acts originally attributed to Jordan.

Instead, Plaintiff waited six months, during which time the parties completed discovery and

Defendants filed for summary judgment. Viewed in this light, Plaintiff's request for a second

amendment to his Complaint appears designed to avoid summary judgment. The court

concludes that this is an insufficient justification to permit amendment, as it is the product of

undue and unexplained delay by Plaintiff and would prejudice Defendants by delaying

proceedings and, potentially, require discovery to be reopened. See Berman v. Parco, 986 F.

Supp. 195, 217 (S.D.N.Y. 1997) ("Leave to amend a complaint will generally be denied when

the motion to amend is filed solely in an attempt to prevent the Court from granting a motion . . .

for summary judgment, particularly when the new claim could have been raised earlier."

(internal quotation marks and citations omitted)).

Accordingly, the court adopts Judge Tiscione's recommendation that Plaintiff not be

allowed to amend his Complaint to include new claims against Chow.

## C. Other Sections of the Report and Recommendation

Sections of the R&R to which no party has objected are reviewed only for clear error.

See, e.g., Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002); Jarvis v. N. American

Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011). The court has reviewed the

remaining sections of the R&R and, finding no clear error, adopts them in full.

## III. CONCLUSION

For the foregoing reasons, the court overrules Plaintiff's objections (Dkt. 106) and ADOPTS IN

PART[10] the R&R (Dkt. 102). Defendants' motion for summary judgment (Dkt. 93) is

GRANTED IN PART and DENIED IN PART. Specifically, the court:

- GRANTS Defendants' motion for summary judgment on all claims against Defendants Jonathan Jordan, Anthony Gomez, and Molly Mitchell;

- GRANTS summary judgment as to Plaintiff's claims of excessive force and conspiracy against Defendant William Sommer;

- GRANTS summary judgment as to Plaintiff's claims of excessive force, malicious prosecution, and conspiracy against Defendant John Edgar;

- GRANTS summary judgment as to Plaintiff's deliberate indifference to medical needs, conspiracy, and all state law-based claims as to Defendant Anthony Chow;

- DENIES summary judgment as to Plaintiff's claims of unlawful entry, unlawful search and seizure, false arrest, and malicious prosecution as to Defendant William Sommer;

- DENIES summary judgment as to Plaintiff's claims of unlawful entry and false arrest as to Defendant John Edgar;

- DENIES summary judgment as to Plaintiff's claim of excessive force against Defendant Anthony Chow.

---

[10] The court adopts all aspects of the R&R except for its determination that Jordan did not "initiate" the prosecution against Plaintiff. See supra note 8.

The parties are directed to contact the chambers of Magistrate Judge Steven L. Tiscione to schedule the filing of a Joint Pretrial Order in accordance with this court's Individual Rules, to be electronically filed no later than October1, 2017. The parties are further directed to confer and to contact the court's Deputy at 718-613-2545 to set a trial date.

The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York          NICHOLAS G. GARAUFIS
       July 10, 2017               United States District Judge